UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO #252200,

    Plaintiff,                                  Hon. Gordon J. Quist

v.                                            Case No. 1:15-CV-356

UNKNOWN BURNS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment, (Dkt. #21), Defendants' Motion for Summary Judgment, (Dkt. #66), and Defendant's Motion for Summary Judgment, (Dkt. #74). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions all be **granted** and this action **terminated**.

## BACKGROUND

In his amended complaint, Plaintiff asserts various claims that his Eighth Amendment and Due Process rights were violated. Plaintiff's amended complaint is asserted against the following individuals: (1) Unknown Burns; (2) Unknown Watkins; (3) Unknown Day; (4) Unknown Joyner; (5) Unknown Kronk; (6) Unknown Nevins; (7) Steven Barber; (8) Unknown Morris; (9) Erica Huss; (10) Willie Smith; (11) Kenneth MacEachern; and (12) Thomas Finco. Defendants have all moved for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).

Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the

issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." (Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P). If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The grievance policy provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R. The prisoner must submit the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ V.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

The alleged events giving rise to this matter began on March 26, 2015, and extended no later than May 14, 2015, the date Plaintiff signed his amended complaint. Defendants have introduced an affidavit executed by Grievance Coordinator Clarice Lewis. (Dkt. #22, Exhibit D). Lewis asserts that between February 23, 2015, and May 24, 2015, Plaintiff was on modified grievance access during which time "all requests for a grievance form need to be submitted to the Grievance Coordinator." Lewis asserts that between February 23, 2015, and May 24, 2015, Plaintiff "did not request any Step I grievance

forms." Accordingly, Defendants assert that Plaintiff has failed to exhaust any of the claims asserted in this matter.

Plaintiff concedes that he has not filed any grievances concerning the events in question, but disputes that such was because he "did not request any Step I grievance forms." Instead, Plaintiff has submitted a sworn statement in which he asserts that on three separate occasions, between March 26, 2015, and April 1, 2015, he requested from Grievance Coordinator Lewis Step I grievance forms. (Dkt. #30 at PageID.237). Plaintiff asserts that in response to his requests he "never received a grievance form." Even assuming this is accurate, such does not necessarily lead to the conclusion that Plaintiff has complied with the PLRA's exhaustion requirement.

Plaintiff was placed on modified grievance access status in response to documented abuses of the prison grievance process. (Mich. Dep't of Corr. Policy Directive 03.02.130 ¶¶ HH-LL; Dkt. #22, Exhibit D). Even if the Court assumes that Plaintiff was unable to file a grievance during the brief period he was on modified grievance access status, such did not prevent Plaintiff was pursuing an appropriate grievance(s) once this restriction was removed. Michigan Department of Corrections policy specifically provides that an otherwise untimely grievance will not be rejected "if there is a valid reason for the delay." (Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ G(4)). Thus, Plaintiff could have pursued the claims in question through the grievance process after being removed from modified grievance status. Defendants have submitted a Grievance Report, however, which establishes that Plaintiff did not pursue, through Step III of the grievance process, any grievances regarding the claims asserted in this matter. (Dkt. #22, Exhibit C). Plaintiff has failed to present evidence that he submitted, or even attempted to submit, any grievance concerning the claims in question after being removed from modified grievance access status. Thus, Plaintiff has failed to properly exhaust his available

administrative remedies. With respect to this particular issue, the Court is persuaded by the resolution articulated by the Honorable Joseph G. Scoville:

> A prisoner cannot be permitted to make the MDOC's grievance system unavailable through his own abuse of the system. Any contrary approach would produce the absurd result of encouraging prisoners to abuse the grievance process in order to be placed on grievance restriction and thereby obtain the substantial reward of a quick and easy method of getting around the PLRA's entire statutory exhaustion requirement. In this way, prisoners could avoid the very real inconvenience of committing themselves to a specific written statement of the facts surrounding any incident, identifying the individual or individuals involved, and providing the MDOC with an opportunity to address the issue before the matter ended up in federal court. In *Woodford v. Ngo,* the Supreme Court considered the significant incentives that prisoners have for trying to get around the PLRA's statutory exhaustion requirement and observed that a "prisoner who does not want to participate in the grievance system [would] have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction." The Court was "confident that the PLRA did not create such a toothless scheme." Thus, the Supreme Court adopted the "proper exhaustion" standard.

*Thompson v. Zwikler*, 2013 WL 5538882 at *5 (W.D. Mich., Oct. 8, 2013).

Simply put, exhaustion is mandatory and the Court may not consider any unexhausted claims. Plaintiff did not file and pursue through Step III of the grievance process any grievance concerning the claims asserted in this matter. Accordingly, Defendants are entitled to relief on the ground that Plaintiff has failed to properly exhaust his available administrative remedies.

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (Dkt. #21), be **granted**; Defendants' Motion for Summary Judgment, (Dkt. #66), be **granted**; and Defendant's Motion for Summary Judgment, (Dkt. #74), be **granted** and this

action **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  February 10, 2016       /s/ Ellen S. Carmody
                               ELLEN S. CARMODY
                               United States Magistrate Judge