UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT SANGO, #252200,

    Plaintiff,                       Case No. 1:15-CV-356

v.                                        Hon. Gordon J. Quist

UNKNOWN BURNS, et al.,

    Defendants.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

On February 11, 2016, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation (R & R) concluding that Defendants are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies. Plaintiff filed an objection, arguing that he exhausted all available remedies because he was denied access to the grievance process. After conducting a de novo review, the Court concludes that the R & R should be adopted in part and rejected in part.

During the time period at issue, Plaintiff was on modified grievance access. While on modified access, a prisoner can obtain grievance forms only through the grievance coordinator. MDOC Policy Directive 03.02.130 ¶¶ KK. When Plaintiff was placed on modified access, Grievance Coordinator Clarice Lewis provided Plaintiff with a memorandum stating that, in order to receive a grievance form, Plaintiff had to submit a request and a clear explanation of the complaint and all pertinent information.

Defendants argue that Plaintiff failed to exhaust his administrative remedies, and have provided an affidavit from Lewis stating that Plaintiff never requested a Step I grievance form while

on modified access. In response to the motion filed by Defendants Burns and Watkins, Plaintiff filed a declaration stating that he sent requests for a grievance form to Lewis on March 26, 2015, March 29, 2015, and April 1, 2015, but that he had never received a response. Plaintiff also filed copies of those requests, which name Defendants Burns and Watkins and describe the incidents that form the basis of Plaintiff's claims. In response to the motion filed by the other defendants, Plaintiff simply filed a declaration stating that he had requested grievance forms for all the issues raised in the motion, but he did not provide a copy of such requests or any further details about the requests.

The magistrate judge found that, even if Plaintiff was unable to file a grievance while on modified access, he could have filed a grievance once such restriction was removed. Because Plaintiff did not file a grievance form after being removed from modified access, the magistrate judge concluded, he did not properly exhaust his available administrative remedies. Although it is a close question, the Court disagrees and concludes that Plaintiff's requests were sufficient to exhaust his administrative remedies with regard to Burns and Watkins.

The exhaustion requirement only mandates exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). The Sixth Circuit has recognized that prisoners on modified access may, under certain circumstances, exhaust their remedies without ever filing a grievance. *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005). The court explained that, "if a grievance officer dismissed a non-frivolous complaint by [a prisoner on modified access], that would be the end of possible administrative remedies with regard to that grievance, and a court would thus have jurisdiction to hear a related federal claim, since all possible administrative remedies would have been attempted." *Id.* By that reasoning, a prisoner whose request for a grievance form was ignored (as opposed to explicitly rejected) would have also done all he could to exhaust his administrative remedies. There is nothing in the Sixth Circuit's statement suggesting that a prisoner

2

would have to do more than required by the modified access procedures, such as filing a grievance after removal from modified access, in order to exhaust.

As noted, Defendants provided an affidavit from Lewis stating that Plaintiff never requested grievance forms while on modified access. Plaintiff provided sufficient evidence to refute that statement with regard to his claims against Defendants Burns and Watkins, and thus the Court finds that those defendants have failed to meet their burden of demonstrating a lack of exhaustion. Plaintiff has failed, however, to provide sufficient evidence to refute Lewis's affidavit as it pertains to the claims against the remaining defendants. Plaintiff's declaration merely includes a vague statement that he filed a grievance form request for "all related issues," but never specifies which issues and defendants were included in that request. Moreover, Plaintiff did not include a copy of the grievance form request for the Court to determine whether it sufficiently detailed the claims. Accordingly, the Court concludes that Burns and Watkins have not met their burden of demonstrating a lack of exhaustion, but that the remaining defendants have met such burden.

Therefore,

**IT IS HEREBY ORDERED** that Report and Recommendation issued on February 10, 2016 (ECF No. 80) is **ADOPTED in part and REJECTED in part**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Defendants Burns and Watkins (ECF No. 21) is **DENIED**. Plaintiff may proceed with his claims against Defendants Burns and Watkins related to the alleged March 26, 2015 and March 29, 2015 incidents.

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment filed by the remaining defendants (ECF Nos. 66, 74) are **GRANTED**. Plaintiff's claims against Defendants Day, Joiner, Chrunck, Nevins, Barber, Morris, Huss, Smith, Maceachern, and Finco are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motions for Summary Judgment (ECF Nos. 10, 24) are **DENIED as moot** in light of the Court's conclusion that Plaintiff did not exhaust the claims for which Plaintiff seeks summary judgment.


Dated:  March 30, 2016  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE