UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO,

       Plaintiff,                                Hon. Gordon J. Quist

v.                                                       Case No. 1:15-CV-356

UNKNOWN BURNS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 102). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this matter terminated.

## BACKGROUND

In his amended complaint, Plaintiff asserts various claims that his Eighth Amendment and Due Process rights were violated. Most of Plaintiff's claims have since been dismissed. The only claims remaining in this matter are that Defendants Burns and Watkins violated Plaintiff's rights by actions allegedly occurring on March 26, 2015 and March 29, 2015. (ECF No. 91). Defendants Burns and Watkins have moved for summary judgment on several grounds, including the alleged failure by Plaintiff to properly exhaust his administrative remedies. The Honorable Gordon J. Quist subsequently ordered the undersigned to conduct an evidentiary hearing on the question whether Plaintiff properly exhausted his administrative remedies. (ECF No. 109). The undersigned conducted an evidentiary

hearing on May 24, 2017. Defendants presented evidence from three witnesses. Plaintiff, on the other hand, failed to even appear for the hearing.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party

"must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**ANALYSIS**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative

remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the

Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

As noted above, Plaintiff's remaining claims concern events that allegedly occurred on March 26, 2015 and March 29, 2015. Defendants have submitted evidence that from February 23, 2015, through May 24, 2015, Plaintiff was placed on modified grievance status. (ECF No. 22 at PageID.202-04; ECF No. 111 at PageID.662). Plaintiff has not disputed this. According to MDOC Policy, when a prisoner is on modified grievance status he can obtain grievance forms only by requesting such from the Grievance Coordinator. Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ KK.

While Plaintiff did not appear at the evidentiary hearing, he has previously conceded that he did not file a grievance regarding his remaining claims. (Dkt. #30). Plaintiff has also previously asserted that on three separate occasions, between March 26, 2015, and April 1, 2015, he requested from Grievance Coordinator Clarice Lewis Step I grievance forms. (Dkt. #30 at PageID.237). Plaintiff asserts that in response to his requests he "never received a grievance form." (Dkt. #30 at PageID.237). Thus, Plaintiff's position was that he had exhausted all his *available* administrative remedies precluding dismissal on exhaustion grounds.

Grievance Coordinator Lewis previously submitted an affidavit in which she asserted that while Plaintiff was on modified grievance status he did not request any grievance forms. (ECF No. 22 at PageID.202-04). At the evidentiary hearing, Lewis reiterated that there existed no evidence or record that Plaintiff made any attempt to submit a grievance concerning the events that allegedly occurred on March 26, 2015 and March 29, 2015.

Simply put, resolution of this matter turns on whether Plaintiff requested a grievance form from Grievance Coordinator Lewis concerning the events in question. The previously submitted

documentary evidence created a factual dispute necessitating an evidentiary hearing. At the evidentiary hearing, the undersigned had the opportunity to observe and listen to Grievance Coordinator Lewis' testimony. The undersigned found Lewis to be a credible and forthright witness whose testimony is worthy of belief. As previously noted, Plaintiff declined to even appear at the evidentiary hearing. Accordingly, the undersigned finds that Defendants have satisfied their burden to demonstrate that Plaintiff has failed to properly exhaust any of his remaining claims.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 102), be **granted** and this matter terminated. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                           Respectfully submitted,

Date:  June 27, 2017                                        /s/ Ellen S. Carmody
                                                                         ELLEN S. CARMODY
                                                                         United States Magistrate Judge